## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DWAYNE COOPER, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-cv-01060 |
| | § | |
| PROJECT RESOURCES GROUP, | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

### OPINION AND ORDER

Pending before me is Plaintiff's Motion for Leave to File Motion to Authorize Notice to Potential Plaintiffs Pursuant to § 216(b) or, in the Alternative, for Expedited Discovery to Facilitate Notice to Potential Plaintiffs ("Motion for Leave"). *See* Dkt. 21. Having considered the motion, the response, the record, and the applicable law, I find the Motion for Leave should be **DENIED.**

### BACKGROUND

This case is a putative Fair Labor Standards Act collective action. The docket control order ("DCO") I issued set a deadline of April 15, 2022 for Plaintiff Dwayne Cooper ("Cooper") to file a Motion to Authorize Notice Pursuant to Section 216(b) ("Motion to Authorize Notice"). On July 1, 2022, two and half months after the deadline had passed, Cooper filed a Motion to Authorize Notice. United States District Judge George C. Hanks, Jr. struck the Motion to Authorize Notice for failure to include a certificate of conference. After conferring with Defendant Project Resources Group, Inc. ("PRG"), Cooper filed the instant Motion for Leave. PRG opposes the motion.

### LEGAL STANDARD

Because the deadline for filing a motion to authorize notice has passed, I may grant a post-deadline extension only for "good cause," and only if Cooper shows that he failed to act due to "excusable neglect." FED. R. CIV. P. 6(b)(1)(B).

The burden is on the movant to show excusable neglect. *See Tex. Hous. Agency v. Verex Assurance, Inc.*, 176 F.R.D. 534, 536 (N.D. Tex. 1998), *aff'd sub nom. Tex. Dep't Hous. & Cmty. Affs. v. Verex Assurance, Inc.*, 158 F.3d 585 (5th Cir. 1998). Whether to grant a post-deadline extension is a discretionary matter. *See Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).

"Excusable neglect" is an "elastic concept" that requires "taking account of all relevant circumstances surrounding the party's omission." *McCarty v. Thaler*, 376 F. App'x 442, 444 (5th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 392, 395 (1993)). The Fifth Circuit has explained:

> Relevant factors to the excusable neglect inquiry include: the danger of prejudice to the non-movant, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 n.8 (5th Cir. 2006) (quotation and alterations omitted). Of the four factors, "the excuse given for the late filing must have the greatest import." *Fed'n of State Massage Therapy Bds. v. Mendez Master Training Ctr., Inc.*, No. 4:17-02936, 2018 WL 6067292, at *3 (S.D. Tex. Nov. 20, 2018) (quoting *Hosp. del Maestro v. NLRB*, 263 F.3d 173, 175 (1st Cir. 2001)).

## DISCUSSION

Although the DCO specifically states that April 15, 2022 is the "**DEADLINE FOR PLAINTIFF TO FILE MOTION TO AUTHORIZE NOTICE PURSUANT TO SECTION 216(b)**" (Dkt. 18 at 2), Cooper's counsel's excuse for missing the deadline to file a Motion to Authorize Notice is that he "did not see a deadline for a motion to authorize notice" in the docket entry. Dkt. 21 at 2. The docket entry provides a summary of the dates listed in the actual DCO, but, admittedly, does not separately identify the deadline for a Motion to Authorize Notice. According to the Motion to Leave, the first time Cooper's counsel actually

*opened* the DCO was *after* the Motion to Authorize Notice was struck. *See* Dkt. 21 at 2 ("At the moment [he opened the Docket Control Order, Cooper's counsel] discovered the calendaring error in relying on the docket text."). This is Cooper's counsel's only excuse, and it is woefully inadequate to establish excusable neglect.

It really ought to go without saying, but "[a]ttorneys have a duty to monitor the dockets." *In re Davenport*, 342 B.R. 482, 499 (Bankr. S.D. Tex. 2006) (quotation omitted). "Counsel's obligation to monitor the court's docket extends to reading relevant docket entries ***and related documents***." *Cohen v. Bd. of Trs. of Univ. of D.C.*, 305 F.R.D. 10, 14 (D.D.C. 2014) (emphasis added), *aff'd in relevant part, rev'd in part on other grounds*, 819 F.3d 476 (D.C. Cir. 2016). In the words of the Eighth Circuit, "[w]hat we have . . . is garden-variety attorney inattention." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 464 (8th Cir. 2000). "If [I] were to apply the excusable neglect standard to . . . deem [Cooper's counsel's] neglect excusable in this case, it is hard to fathom the kind of neglect that [would not be] excusable." *Id.*

Were there any doubt that the delay here is the result of carelessness, one need only examine the lengthy discussion the parties had with me regarding the Motion to Authorize Notice deadline at the scheduling conference, which was held on September 1, 2021, the same day the DCO was entered. During that conference, I made my expectations regarding the timing of the Motion to Authorize Notice abundantly clear:

> ***I want to put a schedule in place that will cover this case, period, end of story, without having to revisit.***
>
> . . .
>
> I say that because, you know, ***as you all well know, we're not going to revisit the schedule***. That's not the plan to revisit the schedule. ***So don't wait forever to*** get discovery going and ***get that motion to issue notice*** because I'm assuming—I have sort of built in time, assuming you can get discovery done, get the motion on file and get to this issue and still live by this trial date. Assuming—and

3

> I'm making a big assumption without knowing any of the facts—
> assuming that notice is proper.

Dkt. 24 at 5–6 (emphasis added). To which Cooper's counsel said: "Right." *Id.* at 6. When I asked if that all made sense, Cooper's counsel answered in the affirmative: "It does, Your Honor." *Id.*

That was not the end of the discussion though. After expressing my thoughts that the parties' agreed-upon deadline of April 29, 2022 for any Motion to Authorize Notice was "so far down the line" (*id.* at 7), Cooper's counsel stated that April 29, 2022 "just seemed to be a comfortable date . . . and, hopefully, I'll get something on file sooner than that." *Id.* at 8. After further discussion about the time between any potential class notice and the trial date, I said that I would "put in an April 15th deadline for—what do you call it now?" *Id.* at 10. Cooper's counsel responded: "A 216(b) authorization or something like that." *Id.* I indicated that I would just "call it motion to issue notice" (*id.*), but Cooper's counsel volunteered that the National Employment Lawyers Association was of the opinion the motion should be called "a motion to authorize notice pursuant to Section 216(b)." *Id.* at 11. In short, Cooper's counsel was not only aware of this deadline, but is on record acknowledging the importance of filing the motion sooner rather than later, and even suggested the exact verbiage for the motion that Cooper now seeks to file.

The paltry "excuse" for missing the April 15, 2022 deadline ought to end the analysis. Nevertheless, I observe that all of the *Pioneer* factors weigh in favor of denying leave. Both the danger of prejudice to PRG and the impact to these proceedings are substantial. Discovery closes in a mere two weeks. As PRG notes, if I were to grant leave and, ultimately, a Motion to Authorize Notice, "the class notice process would likely take at least 6 weeks, and opt-in plaintiffs would not be established until November at the earliest," after the close of discovery. Dkt. 22 at 5. Extending all of the remaining deadlines would not cure the prejudice. "Extending the trial deadline will dramatically increase PRG's cost of defense and needlessly delay PRG's right to a full and final resolution." *Id.* at 6. Moreover, I

cannot say that Cooper or his counsel acted in good faith where the reason for the delay was entirely within Cooper's counsel's control.

Finally, while prejudice to the movant is not one of the listed factors, I note that denying leave will not prejudice Cooper. His claims remain intact, and this case is proceeding toward a trial next year. Nevertheless, Cooper argues "that not permitting leave could prejudice non-parties who might never learn the existence of this lawsuit but for authorizing notice." Dkt. 21 at 4. Prejudice to non-parties is not a relevant consideration and Cooper offers no authority stating otherwise. Even if it were a relevant consideration, it would be outweighed by the inexcusable neglect of Cooper's counsel ignoring our extensive discussion regarding this deadline and waiting months to even open the DCO. It bears repeating: if I were to find Cooper's counsel's neglect here excusable, "it is hard to fathom the kind of neglect that [would not be] excusable." *Lowry*, 211 F.3d at 464.

## CONCLUSION

For all the reasons stated above, Plaintiff's Motion for Leave to File Motion to Authorize Notice Pursuant to Section 216(b) (Dkt. 21) is **DENIED**.

SIGNED this 14th day of October 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE